```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
PETER BRODEUR,                      )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    C.A. No. 25-235 WES
                                    )
STATE OF RHODE ISLAND, by and       )
through the RHODE ISLAND            )
DEPARTMENT OF ENVIRONMENTAL         )
MANAGEMENT,                         )
                                    )
        Defendant.                  )
_____ )
```

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, Senior District Judge.

Before the Court is the Motion to Dismiss Filed by Defendant ("Motion to Dismiss"), Dkt. No. 8. For the following reasons, the Motion to Dismiss is granted.

### I. BACKGROUND

Plaintiff Peter Brodeur alleges that, in May 2024, he suffered extensive injuries to his right side and back while loading lobster traps into his boat from a state-owned wharf in Narragansett, Rhode Island. Compl. ¶¶ 1-2, 11, Dkt. No. 1. Brodeur's alleged injuries occurred when the wharf's marine bulkhead shifted suddenly beneath his feet, causing him to fall onto the deck of his boat, which sat on the water about eight feet below. Id. ¶¶ 3, 39. Brodeur attributes his injuries to Defendant State of Rhode Island's

failure to maintain the wharf in a safe condition for its intended use. Id. ¶ 47. He thus invokes the Court's admiralty jurisdiction to bring a claim against the State for breach of duty as wharfinger under the general maritime law. Id. ¶¶ 42-50. He also brings a common-law negligence claim. Id. ¶¶ 51-64.

The State moves to dismiss Brodeur's Complaint for lack of subject matter jurisdiction. Mot. Dismiss 1. Specifically, the State argues that Brodeur cannot satisfy the first requirement of admiralty jurisdiction and that, because this case does not otherwise trigger the Court's diversity jurisdiction or federal question jurisdiction, Brodeur must pursue his claims in state court. Def.'s Mem. Supp. Mot. Dismiss 1 ("Def.'s Mem."), Dkt. No. 8-1.

## II.  LEGAL STANDARD

When a defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), it is the plaintiff's burden to establish the court's jurisdiction. Woo v. Spackman, 988 F.3d 47, 53 (1st Cir. 2021). Where, as here, the defendant challenges only the jurisdictional sufficiency of the plaintiff's allegations and not their factual accuracy, the court must credit those allegations and draw all reasonable inferences from them in the plaintiff's favor. Valentin v. Hosp. Bella Vista,

254 F.3d 358, 363 (1st Cir. 2001).

### III. DISCUSSION

The Court finds that Brodeur's allegations do not satisfy the first requirement of admiralty jurisdiction. Federal district courts have original jurisdiction, exclusive of state courts, of "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333 & (1). To establish admiralty jurisdiction, Brodeur must show that "the tort at issue (1) occurred on navigable waters and (2) bore a significant relation to traditional maritime activities." Butler v. Am. Trawler Co., 887 F.2d 20, 21 (1st Cir. 1989) (citation modified); see also Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995). The State does not dispute that Brodeur satisfies the second requirement of admiralty jurisdiction; instead, it argues only that the tort did not occur on navigable waters, and therefore Brodeur fails the first requirement of admiralty jurisdiction, known as the locality test. Def.'s Mem. 8.

Brodeur contends that the tort at issue occurred not on the wharf — which, for purposes of admiralty jurisdiction, constitutes an extension of the land — but on his boat, "which was afloat in navigable waters." Pl.'s Resp. Opp'n Mot. Dismiss ("Pl.'s Resp.") 1, Dkt. No. 9; see also Nacirema Operating Co. v. Johnson, 396 U.S. 212, 214-15 (1969) ("[S]tructures such as wharves and piers,

3

permanently affixed to land, are extensions of the land."). As support, he cites Butler's statement that whether a tort occurs on navigable waters depends on "where the negligence 'takes effect,' not where the negligent act occurred." Butler, 887 F.2d at 21 (collecting cases). In Butler, the plaintiff severely injured her finger when she tried to board a ship from a wharf by climbing down the ship's rigging instead of using a ladder descending from the wharf that was poorly maintained by its owner. Id. at 20-21. The First Circuit held that regardless of whether "the wharf itself counts as part of the land, the injury occurred on the ship," thus satisfying the locality test. Id. at 21. Applying Butler, Brodeur argues that his injuries occurred not when he fell from the wharf, but when he hit the deck of his boat, and so regardless of where the negligent act took place, it took effect on navigable waters. Pl.'s Resp. 3, 5.

Brodeur's application of Butler is plausible, but only if one disregards longstanding Supreme Court precedent. In T. Smith & Son v. Taylor, 276 U.S. 179 (1928), the Court held there was no admiralty jurisdiction where a sling full of cargo, which was being lowered from a ship to a wharf "by means of a winch on the vessel," knocked a longshoreman from the wharf into the water, where he was later found dead. 276 U.S. at 181. The claims were "solely for the death that occurred in the river" and not for any injuries the

4

longshoreman sustained on the wharf.  Id. at 182.  Nevertheless, the Court reasoned that the "blow by the sling was what gave rise to the cause of action.  It was given and took effect while deceased was upon the land.  It was the sole, immediate and proximate cause of his death."  Id.  The Court addressed "the converse case" seven years later, in Minnie v. Port Huron Terminal Co., 295 U.S. 647 (1935).  There, it held that there was admiralty jurisdiction where a sling full of cargo knocked a longshoreman from a vessel onto the wharf.  295 U.S. at 647-49.  "If, when the blow from a swinging crane knocks a longshoreman from the dock into the water, the cause of action arises on the land, it must follow," the Court explained, "that when he is struck upon the vessel and the blow throws him upon the dock the cause of action arises on the vessel."  Id. at 649.

Applying the Supreme Court's reasoning here, Brodeur's cause of action arose on the wharf, when the marine bulkhead shifted suddenly under his feet, causing him to fall several feet down to the deck of his boat.  Although Brodeur's injuries technically did not occur until he made impact, the "sole, immediate and proximate cause" of those injuries was his fall from the wharf.  T. Smith, 276 U.S. at 182.  This result is compatible with Butler, where the plaintiff's injuries occurred entirely on the ship.  887 F.2d at 21.  To be sure, but for the defective ladder (and hence the

defendant's negligence), Butler would not have injured herself in the rigging. But the negligence took effect only once she was in the rigging, i.e., on the ship, and not when she was on the wharf. Applying T. Smith and Minnie, had Butler tried to climb down the faulty ladder, slipped, and fallen into the water or to the ship's deck below, there would have been no admiralty jurisdiction.

It may seem unfair to pin the Court's admiralty jurisdiction on simple twists of fate. Indeed, citing T. Smith and Minnie, the Supreme Court has lamented "the perverse and casuistic borderline situations that have demonstrated some of the problems with the locality test of maritime jurisdiction." Exec. Jet Aviation, Inc. v. City of Cleveland, 409 U.S. 249, 255 (1972). But despite these issues, the Supreme Court has not disavowed the locality test. And it has warned that, "in determining whether to expand admiralty jurisdiction," courts "'should proceed with caution.'" Id. at 272 (citation modified) (quoting Victory Carriers, Inc. v. Law, 404 U.S. 202, 212 (1971)).

Accordingly, this Court finds that the tort at issue occurred on the wharf, when Brodeur fell from the marine bulkhead, and not when he landed on his boat. Because the wharf does not constitute navigable waters, the Court lacks admiralty jurisdiction over this case.

**IV.   CONCLUSION**

For these reasons, the Motion to Dismiss Filed by Defendant, Dkt. No. 8, is GRANTED.

IT IS SO ORDERED.

/s/ WESmith
_____
William E. Smith
Senior District Judge
Date: January 14, 2026

7